Lewis M. Francis (Utah State Bar #6545)
Elizabeth Butler (Utah State Bar # 13658)
JONES, WALDO, HOLBROOK & McDONOUGH
170 South Main Street, Suite 1500
Salt Lake City, Utah  84101
Telephone:  (801) 521-3200
Fax:  (801) 328-0537
Attorneys for Plaintiff
Email:  lfrancis@joneswaldo.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HARRIS RESEARCH, INC., a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br>GREENWAY ASSOCIATES, INC. and HOWARD M. BELFER, individually and doing business as "CHEM-DRY OF DELAWARE", "CHEM-DRY OF PENNSYLVANIA", "CLEAN-DRY", "GREEN-DRY," "GREEN-DRY OF DELAWARE", AND "GREEN-DRY OF PENNSYLVANIA",<br><br>    Defendants. | VERIFIED COMPLAINT<br><br>Civil No. 1:16-cv-00114-EJF<br><br>Judge |

Plaintiff Harris Research, Inc. alleges as follows:

**PARTIES**

1.    Plaintiff Harris Research, Inc. ("HRI") is a Utah corporation, with offices in Logan, Utah and Nashville, Tennessee.  HRI is the worldwide franchisor of a carpet cleaning system known as Chem-Dry®, for which HRI owns the registered trademark, as well as the

1239282.1

related Clean-Dry® trademark.  See U.S. Trademark Registrations, attached hereto as Exhibit "A".

2. Defendant Greenway Associates, Inc. ("Greenway") is a Delaware Corporation with its principal place of business in Wilmington, Delaware.

3. Defendant Howard M. Belfer ("Belfer") is an individual residing in the State of Delaware, and is the president of Greenway.

4. Defendants Greenway and Belfer (collectively "Defendants"), have been doing business under the names "Chem-Dry of Delaware", "Chem-Dry of Pennsylvania", "Clean-Dry" and "Green-Dry".

5. This action involves violations of the federal Lanham Act, 15 U.S.C. §§ 1051 et seq. Jurisdiction is conferred by 28 U.S.C. § 1331, since this action arises under federal law. This Court also has supplemental jurisdiction over Plaintiff's state-law claim pursuant to 28 U.S.C. § 1367.

6. Venue is proper under 28 U.S.C. § 1391, in that a substantial part of the events giving rise to the claims asserted herein occurred in this District, and the parties agreed to venue in this District.

## GENERAL ALLEGATIONS

7. HRI currently has approximately 2000 Chem-Dry® franchises in the United States and another 1300 worldwide.

8. Defendant Greenway entered into seven (7) Franchise Agreements with HRI in the years 2011-2014 to operate "Chem-Dry of Delaware" franchise business in the counties of New Castle, Kent, Sussex and Cecil in the State of Delaware, and the "Chem-Dry Pennsylvania"

franchise business in the counties of Delaware, Montgomery and Chester in the State of Pennsylvania (collectively the "Franchise Agreements"). A representative copy of the four Delaware Franchise Agreements is attached as Exhibit "B". A representative copy of the three Pennsylvania Franchise Agreements is attached as Exhibit "C".

9. Defendant Belfer personally guaranteed Greenway's obligations to HRI under the Franchise Agreements.

10. As part of the Chem-Dry® franchises, Greenway also entered into agreements with HRI for its proprietary equipment. Representative copies of the equipment agreements are attached hereto as Exhibit "D" (collectively the "Equipment Agreements").

11. Pursuant to the Franchise Agreements and Equipment Agreements, Greenway obtained the following Chem-Dry® equipment for use with his franchise business:

   A. Eleven (11) PowerHeads (serial ## 82686075; 81313052; 81699013; 80829090; 81806043; 81189032; 81879063; 82539035; 82304074; 80692050; and 81317052

   B. Seven (7) PowerBase 10 models (serial ## 1060; 1155; 1149; 1160; 1210; 2085; and 1060); and

   C. One PowerBase 5 model.

   (collectively the "Chem-Dry® Equipment")

12. Defendants agreed to use the Chem-Dry® Equipment only in conjunction with providing authorized Chem-Dry® franchise services, and to return the Chem-Dry® Equipment to HRI upon termination of the franchises.

13. Some or all of the Chem-Dry® Equipment is marked with HRI's trademarks.

14. Defendants also agreed to a number of other post-termination obligations.

15. In Section 16.A of the Franchise Agreements, Defendants agreed to pay all amounts due to HRI within 15 days of the termination of the franchises.

16. In Section 16.B of the Franchise Agreements, Defendants agreed after termination not to "use any Mark, any colorable imitation of a Mark, or other indicia of a CHEM-DRY Business in any manner or for any purpose; or use any trade name, trade or service mark, or other commercial symbol that suggests or indicates a connection or association with HRI".

17. Defendants also agreed to remove "all signs, emblems, lettering and logos, or any other indicia of a CHEM-DRY business, from all vans not surrendered or purchased by HRI."

18. Defendants also agreed to permanently "disconnect, or cause to be disconnected" all telephone numbers used to advertise or to provide the former Chem-Dry® franchise services, and to return all Chem-Dry® equipment to HRI.

19. Pursuant to Section 16.C of the Franchise Agreements, Defendants also agreed to cease using any of HRI's Confidential Information, and to send HRI the franchise Customer Lists.

20. Pursuant to Section 16.D of the Franchise Agreements, Defendants also agreed not to engage in any Competitive Business for two (2) years following its termination. Said prohibition included any Competitive Business within the franchised areas, or 10 miles of franchised areas.

21. On January 28, 2016, HRI terminated the Franchise Agreements based on Defendants' various breaches, and informed them of the post-termination obligations. See Termination and Default Letters, at Exhibit "E".

22.     Defendants have not paid HRI the outstanding amounts owed on their Chem-Dry® franchises, which total $40,877.  See Account Summary, at Exhibit "F".

23.     In violation of their post-termination obligations, Defendants are also operating a competing business in the former franchise areas, using the names "Green-Dry", "Green-Dry of Pennsylvania" and/or "Green-Dry of Delaware".

24.     Defendants are continuing to use the telephone numbers used with the former Chem-Dry® franchises to advertise and provide their competing services: (215)-345-9390; (302) 234-9111; (302) 584-1858; (302) 654-1000; (302) 645-1313; (302) 654-3311 (320) 657-2654; (302) 678-1100; (302) 737-9191; (302) 856-4041; (410) 885-4949; (610) 436-5000; (610) 436-5550; (610) 353-1333; (610) 489-8808; (856) 678-3900; (877) 239-2424; (877) 654-3311; and (888) 239-2424 (collectively "the Chem-Dry® Franchise Telephone Numbers").

25.     Defendants are also continuing to advertise themselves as Chem-Dry® franchisees, using at least several of the former franchise phone numbers.  See Internet Listings, at Exhibit "G".

26.     Defendants are also continuing to provide carpet cleaning services in vans containing either all or part of the former Chem-Dry® franchise markings, colors, logos, and slogans.  See Chem-Dry® of Pennsylvania Mystery Shop, at Exhibit "H".

27.     Defendants have not returned the Chem-Dry® equipment to HRI, and are still using it to provide their unauthorized and/or competing services.  See Exhibit "H".

28.     HRI has repeatedly notified Defendants that they are infringing HRI's trademarks, engaging in unfair competition, and breaching the terms of the Franchise Agreements and Equipment Agreements.  HRI has also demanded that Defendants cease doing so.

5

29.     However, Defendants have refused and/or failed to cease their improper conduct.

**FIRST CLAIM FOR RELIEF**
**(Trademark Infringement In Violation of Lanham Act, 15 U.S.C. §§ 1051 et seq.)**

30.     Plaintiff incorporates the preceding allegations as though set forth fully herein.

31.     Defendants are infringing HRI's trademarks by using them to advertise their competing carpet cleaning business, and to provide competing carpet cleaning services -- using Chem-Dry® marked equipment.

32.     Defendants are infringing HRI's trademarks by using vans for their competing business which still have Chem-Dry® franchise markings and slogans.

33.     Defendants are infringing HRI's Chem-Dry® trademarks in telephone listings, van markings, internet pages and/or advertisements using the Chem-Dry® Franchise Telephone Numbers.

34.     Because these infringing listings remain in the marketplace, the only way to ensure that the infringement will cease is to disconnect the associated telephone numbers.

35.     Defendants are also using the confusingly similar "Green-Dry", "Green-Dry of Delaware" and/or "Green-Dry of Pennsylvania" names for their competing business.

36.     Defendants' actions violate the provisions of 15 U.S.C. §§ 1114 and/or 1125.

37.     HRI is entitled to an injunction requiring Defendants to 1) cease any and all use of its Chem-Dry® and Clean-Dry® trademarks, 2) cease all use of the confusingly similar "Green-Dry", "Green-Dry of Delaware" and/or "Green-Dry of Pennsylvania" business names; 3) return the Chem-Dry® Equipment to HRI; 4) remove all Chem-Dry® franchise related markings from their vans, and 5) disconnect, or cause to be disconnected, all of the Chem-Dry® Franchise Telephone Numbers, with no referrals to any other numbers.

1239282.1

WHEREFORE, Plaintiff requests relief as hereafter described in its Prayer for Relief.

## SECOND CLAIM FOR RELIEF
### (Breach of Franchise and Equipment Agreements)

38.  Plaintiff incorporates the preceding allegations as though fully set forth herein.

39.  Defendants have breached the Franchise Agreements by failing to pay HRI for their franchise fees and purchase amounts, totaling $40,877.

40.  Defendants have breached the Franchise Agreements through their continued use of HRI's trademarks and commercial symbols.

41.  Defendants have breached the Franchise Agreements by using the "Green-Dry", "Green-Dry of Delaware" and/or "Green-Dry of Pennsylvania" business names for their competing business, which is a colorable imitation of HRI's Chem-Dry® and Clean-Dry® trademarks.

42.  Defendants have breached the Franchise Agreements by failing or refusing to disconnect the Chem-Dry® Franchise Telephone Numbers, several of which are still listed and advertised with the Chem-Dry® trademark.

43.  Defendants have breached the Equipment Agreements and Franchise Agreement by failing to return HRI's proprietary PowerHead and PowerBase equipment.

44.  Defendants have breached the Franchise Agreements by continuing to use HRI's Confidential Information, and by failing to return the franchise Customer Lists to HRI.

45.  Defendants have also breached the Franchise Agreements by engaging in a competitive business in the former franchise areas in the States of Delaware and Pennsylvania, in violation of their post-termination covenant not to compete.

46. HRI is entitled to an injunction immediately requiring Defendants to 1) cease all use of the HRI's trademarks, 2) return the Chem-Dry® Equipment to HRI, 3) remove all Chem-Dry® franchise-related markings, logos and slogans from their vans; 5) permanently disconnect, or cause to be permanently disconnected, all of the Chem-Dry® Franchise Telephone Numbers, with no referrals to any other numbers; 6) return the franchise Customer List to HRI; and 7) cease their competing business activities in the two former franchise areas, or within 10 miles of those areas, for two years.

47. HRI is also entitled to judgment against Defendants for the outstanding franchise fees and obligations totaling $40,877.

48. HRI is also entitled to recover its attorney's fees and costs incurred from Defendant Robert Smith, pursuant to Section 17.E of the Franchise Agreement.

WHEREFORE, Plaintiff requests relief as hereafter described in its Prayer for Relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Harris Research, Inc. ("Plaintiff") demands entry of judgment in its favor and against Defendants, Greenway Associates, Inc. and Howard M. Belfer both individually and dba "Chem-Dry of Delaware"; "Chem-Dry of Pennsylvania", "Clean-Dry", "Green-Dry", "Green-Dry of Delaware" and "Green-Dry of Pennsylvania" (collectively "Defendants"), as follows:

A. For an Injunction requiring Defendants to immediately and permanently:

   1) Cease any and all use of the Chem-Dry® and Clean-Dry® trademarks, including but not limited to any use in advertisements, van markings, invoices, internet or telephone listings;

1239282.1

2) Cease all use of the confusingly similar names "Green-Dry", "Green-Dry of Pennsylvania" or Green-Dry of Delaware", including but not limited to any use in advertisements, van markings, invoices, internet or telephone listings;

3) Return to HRI all of the Chem-Dry® Equipment, including

   A) Eleven (11) PowerHead models (serial ## 82686075; 81313052; 81699013; 80829090; 81806043; 81189032; 81879063; 82539035; 82304074; 80692050; and 81317052)

   B) Seven (7) PowerBase 10 models (serial ## 1060; 1155; 1149; 1160; 1210; 2085; and 1060) and

   C) One (1) PowerBase model 5.

4) Remove all Chem-Dry® franchise-related markings, logos, colors, commercial symbols and slogans from all vans or vehicles;

5) Permanently disconnect, or cause to be permanently disconnected, all of the former Chem-Dry® franchise telephone numbers: (215)-345-9390; (302) 234-9111; (302) 584-1858; (302) 654-1000; (302) 645-1313; (302) 654-3311 (320) 657-2654; (302) 678-1100; (302) 737-9191; (302) 856-4041; (410) 885-4949; (610) 436-5000; (610) 436-5550; (610) 353-1333; (610) 489-8808; (856) 678-3900; (877) 239-2424; (877) 654-3311; and (888) 239-2424, with no referral to any other numbers;

6) Send HRI the franchise Customer Lists; and

7) Cease their competing carpet and upholstery business activities, in or within ten (10) miles of the counties of New Castle, Kent, Sussex and Cecil in the

State of Delaware, and the counties of Delaware, Montgomery and Chester in the State of Pennsylvania, for two (2) years from the date of the injunction.

B.  That, pursuant to Federal Rule of Civil Procedure 65(d), said injunction shall also expressly bind Defendants' "officers, agents, servants, employees and attorneys" and "those persons in active concert or participation with them who receive actual notice of the order".

C.  For judgment in the amount of $40,877 for outstanding franchise fees.

D.  For an award of Plaintiff's attorney's fees and costs incurred; and

E.  For such other or further relief as the Court may deem appropriate.

DATED this  19th  day of August, 2016.

JONES WALDO HOLBROOK & McDONOUGH PC

By: /s/ Lewis M. Francis
Lewis M. Francis
Elizabeth Butler
Attorneys for Plaintiff

1239282.1

**VERIFICATION**

STATE OF TENNESSEE   )
                     :
COUNTY OF DAVIDSON   )

I, Melanie Parker, having been first duly sworn, have read the foregoing Verified Complaint, and do hereby verify that the factual statements contained therein are true, based on my personal knowledge, information, and/or belief, and upon my position as Vice President of Franchise Administration for plaintiff Harris Research, Inc. I also verify that I believe that the relief requested to be fair and reasonable under the facts of this case, and that I am authorized by Harris Research, Inc. to execute this document upon its behalf.

DATED this 19th day of August, 2016.

*/s/ Melanie Parker*

On the 19th day of August, 2016, personally appeared before me Melanie Parker, the signer of the foregoing instrument, who duly acknowledged to me that she executed the same.

*/s/ Shannon Anderson*
NOTARY PUBLIC

[NOTARY SEAL]

1239282.1

1239282.1